United States District Court
for the
Southern District of Florida

| In re: | ) | |
|---|---|---|
| | ) | |
| Marcelo Meirelles De Carvalho | ) | No. 19-22577-CV-Scola |
| USM 20030-104 | ) | Criminal Contempt Proceeding |
| | ) | |

**Order on the Defendant's Motion to Dismiss**

Now before the Court is the Defendant Marcelo Meirelles De Carvalho's motion to dismiss or in the alternative to compel the Bureau of Prisons to begin the restoration process immediately.[1] For the reasons set forth below, the Court **denies** Carvalho's motion to dismiss. (**ECF No. 46**).

Carvalho argues that the charges against him must be dismissed because he has not yet been transported to Butner FMC to begin his restoration process. The Court found Carvalho to be incompetent on September 26, 2019, but the U.S. Marshals Service has since informed the Court that Carvalho cannot be transported to Butner until the week of January 3, 2020 due to a shortage of beds. Carvalho argues that the charges against him must be dismissed because his current detention violates Title 18, United States Code § 4241(d) and due process. The Court disagrees.

1. **Carvalho's detention cannot violate 18 U.S.C. § 4241(d) because his custodial hospitalization has not yet begun.**

Section 4241(d) requires the courts "to commit the defendant to the custody of the attorney general" upon finding a defendant to be incompetent.

---

[1] Carvalho alternatively seeks an order compelling the Bureau of Prisons to begin the restoration process immediately. This remedy is only stated in the heading of Carvalho's motion and is therefore not sufficiently developed for the Court's consideration. *See Mock v. Bell Helicopter Textron, Inc.*, 373 Fed. App'x 989, 992 (11th Cir. 2010) ("because Bell mentions its…argument in passing in a footnote only and does not elaborate on it in any further detail in either one of its briefs, we deem this argument waived."). Moreover, the Bureau of Prisons cannot transfer Carvalho to Butner FMC until the week of January 3, 2020. It is futile for the Court to order the Bureau of Prisons to do something that it cannot do.

18 U.S.C. § 4241(d). Then, "the Attorney General shall hospitalize the defendant for treatment in a suitable facility…for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward…" *Id.* The time limit of reasonableness not to exceed four months required by 18 U.S.C. § 4241(d) governs the length of a defendant's custodial hospitalization, or the time that a defendant is hospitalized. *United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008) (although the defendant was found incompetent on October 13, 2004, the four-year period did not begin until he was actually hospitalized on December 22, 2004).

Because Carvalho has not yet been admitted to Butner FMC for treatment, the Attorney General has not hospitalized him for any amount of time. Therefore, the statute has not been violated, and the four-month limit has not yet begun. He is not yet being detained for the purpose of restoring his competency, and therefore, he is being detained pursuant to the Bail Reform Act. Like the defendant in *Magassouba*, he is "not confined solely to evaluate the probability of his regaining competency. He [is] also detained pursuant to the Bail Reform Act." *Id.* at 395.

## 2. Based on the totality of the circumstances, Carvalho's detention does not violate due process.

Carvalho's detention does not violate due process. In determining what constitutes a constitutionally unreasonable period of detention for an incompetent defendant, courts consider the totality of the circumstances, including "(1) the length of time at issue, (2) the medical assessments, (3) the reason for any delay in helping the defendant regain competency, (4) the defendant's assertion of his rights, whether as to custody or treatment, and (5) any prejudice to the defendant, whether in attaining competency or in proceeding thereafter to trial." *Magassouba*, 544 F. 3d at 416-417. These factors do not demonstrate that Carvalho's detention is in violation of due process.

First, Carvalho has been detained for less than two months since he was found to be incompetent. Although two months is not a negligible amount of time, it is significantly shorter than the nineteen months deemed to be reasonable in *Magassouba* and the three and a half years deemed to be unreasonable in *Jackson*. 544 F. 3d at 417; *Jackson v. Indiana*, 406 U.S. 715, 738-39 (1972). Here, the Court is making every effort to transport Carvalho to Butner FMC as soon as possible.

Second, Carvalho's medical assessments have not concluded that no effort could render him competent to stand trial. To the contrary, the record demonstrates that there is reason to believe that the proper medicine could help

Carvalho regain competence. Crucially, the current problem is largely one of Carvalho's own making because, thus far, he has refused all treatment offered by medical professionals. *Cf. Magassouba*, 544 F.3d at 416 ("we conclude that the time was not constitutionally unreasonable because Magassouba's refusal to accept the treatment likely to render him competent required the district court to address distinct and difficult concerns relating to involuntary medication preliminary to entering the challenged § 4241(d)(2) order.").

Third, Carvalho's delay is due to Butner's lack of availability. The Bureau of Prisons operates under a limited budget controlled by Congress, and therefore, the lack of beds cannot be easily addressed. The Court and the Bureau of Prisons are making every effort to transport Carvalho as soon as possible. Fourth, Carvalho has consistently asserted his rights through counsel. This weighs slightly in favor a finding that Carvalho's due process rights have been violated. Fifth, Carvalho claims that his current detention is worsening his condition. This weighs in favor of dismissal, but it is balanced with Carvalho's own refusal to accept medical treatment that is likely to make him better.

After considering to the totality of the circumstances, the Court finds that Carvalho's detention does not violate due process because there is reason to believe that medical professionals will be able to help Carvalho regain competence; the Court and the Bureau of Prisons are making every effort to transport Carvalho to a medical facility as soon as possible; Carvalho is refusing to accept medical treatment and therefore exacerbating his own situation; and Carvalho poses a potential danger to the community in his current condition. Dismissal of the case against Carvalho is not appropriate here. *Cf. United States v. Holloway*, 778 F.2d 653, 655 (11th Cir. 1985) (dismissal is an "extreme sanction which should be infrequently utilized.").

### 3. Conclusion

In sum, the Court **denies** Carvalho's motion to dismiss (**ECF No. 46**). Although the Court is sympathetic to Carvalho's plight, dismissal is not an appropriate remedy here.

**Done and Ordered** in Chambers at Miami, Florida, on November 19, 2019.

Robert N. Scola, Jr.
United States District Judge